IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ANTHONY MILLS,

Plaintiff,

vs.

ARLENE BLUTH,

Defendant.

**8:26CV85**

**MEMORANDUM AND ORDER**

Plaintiff Anthony Mills filed a Complaint on February 24, 2026. Filing No. 1. Plaintiff has been given leave to proceed in forma pauperis. Filing No. 5. The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.  LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

## II. DISCUSSION

In its entirety, Plaintiff's Complaint alleges:

1. Defendant conspired with individuals in depriving due process rights, Defendant failed to dismiss 100269/2023, causing unreasonable cost to the parties,

2. This Court has jurisdiction under federal law, [and]

3. Plaintiff demands jury trial and $1 Million against Defendant.

Filing No. 1. Plaintiff then certifies that his Complaint complies with Federal Rule of Civil Procedure 11. *Id.* Even construed liberally, Plaintiff's Complaint fails to state a claim upon which relief may be granted.

Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Twombly*, 550 U.S. at 569–70; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). While complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), even pro se litigants must comply with the Federal Rules of Civil Procedure.

Here, Plaintiff's Complaint fails to meet this minimal pleading standard. Even construed liberally, the Court cannot identify any federal statutory or constitutional provision that would give rise to a plausible claim for relief against the named defendant based on the allegations. Plaintiff does not provide any information about who the parties are, whom the defendant is alleged to have conspired with or how, or what "100269/2023" is and why the defendant's dismissal of it caused harm to Plaintiff. Plaintiff's Complaint consists of nothing more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" that "tenders 'naked assertions' devoid of 'further

factual enhancement,'" and, thus, fails to state a claim for relief. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

Moreover, Plaintiff's Complaint is only one of many duplicate complaints filed by Plaintiff in federal courts across the country. As the United States District Court for the Eastern District of Missouri recently explained,

> [T]his same Complaint brought by Anthony Mills against Defendant Arlene Bluth has been filed in numerous federal courts around the country, including in Alaska, Alabama, California, Colorado, Florida, Georgia, Illinois, Indiana, Kansas, Kentucky, Louisiana, Massachusetts, Maryland, Michigan, . . . Missouri, Mississippi, North Carolina, North Dakota, Nebraska, New Mexico, Nevada, Ohio, Oklahoma, Rhode Island, South Carolina, Tennessee, Texas, Virginia, Washington, Wisconsin and West Virginia. The cases were all filed between February 17, 2026 and February 27, 2026. Each complaint (at least the several this Court reviewed), is dated February 1, 2026. The Plaintiff's mailing address is in Tamuning, Guam, but the envelope he mailed his Complaint in is postmarked in New York, NY.

*Mills v. Bluth*, No. 4:26-CV-00262 JMB, 2026 WL 621341, at *1 (E.D. Mo. Mar. 5, 2026) (footnote citing cases omitted).

Like the Eastern District of Missouri, this Court concludes Plaintiff's Complaint should be dismissed without leave to amend as Plaintiff's repeated filing of the same bare-bones complaint is frivolous and malicious. "Dismissal based on maliciousness is appropriate where . . . the complaint is 'plainly part of a longstanding pattern of abusive and repetitious lawsuits.'" *Id.* at *2 (quoting *Horsey v. Asher*, 741 F.2d 209, 212–13 (8th Cir. 1984)). "[W]here a plaintiff files the same complaint with the same three meager allegations— just the barest possible sentences—in a plethora of courts within just days of each other, that plaintiff intends to harass either the defendant, the court, or both." *Id.*

3

IT IS THEREFORE ORDERED that:

1.     This matter is dismissed for failure to state a claim and as frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2)(B).

2.     The Court will enter a separate judgment.


Dated this 7th day of May, 2026.


BY THE COURT:

John M. Gerrard
Senior United States District Judge

4